Tagged Opinion

ORDERED in the Southern District of Florida on _Jan 26, 2009_



_____
John K. Olson, Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:                                Case No.: 08-15622-BKC-JKO

**MATTHEW J. WHITEHEAD, III,**        Chapter 7

    Debtor.
_____/

### ORDER GRANTING SCOTT NEMEROFF'S
### MOTION FOR RELIEF FROM STAY

    **THIS MATTER** came before the Court on Scott Nemeroff's Motion for Relief from the Automatic Stay (the "Motion"). [DE 58]. The only substantive legal question presented is whether an interest of the Debtor in certain real property was transferred on the date of recordation of Notices of Lis Pendens or on the date of recordation of a Judgment Lien Certificate, inasmuch as the latter event occurred within the preferential look-back period prescribed by code. In accord with 11 U.S.C. § 547, Fla. Stat. § 48.23, and applicable case law, I find the Notices of Lis Pendens to have effectuated a transfer of the property outside of the statutory preference period. Accordingly, the Motion is granted.

# FACTS

## 1. Procedural History

On May 1, 2008, Matthew J. Whitehead, III (the "Debtor") filed a voluntary petition for bankruptcy relief under Chapter 7. *See* [DE 1]. Five days later, on May 5, Marika Tolz (the "Trustee") was appointed chapter 7 trustee. *See* [DE 14]. On May 27, 2008, Scott Nemeroff ("Nemeroff") filed a secured claim for $993,164.45, citing "Recorded Judgment Lien" as his basis for perfection. *See* Claims Register. The following day, on May 28, 2008, this Motion was brought. On June 12, 2008, the Trustee's Response in Opposition to Secured Creditor Scott Nemeroff's Motion for Relief from the Automatic Stay Filed on Negative Notice (the "Trustee's Response") was filed. *See* [DE 76]. The Trustee filed a Supplemental Response and Memorandum of Law (the "Trustee's Supplemental Response") on August 6, 2008. *See* [DE 158]. Twelve days later, on August 18, 2008, Nemeroff filed a Reply Memorandum in Support of Secred Creditor Scott Nemeroff's Motion for Relief from the Automatic Stay ("Nemeroff's Reply"). *See* [DE 188]. On August 26, 2008, oral arguments were heard. On November 4, 2008, the Trustee and Nemeroff filed a Stipulation of Facts (the "Stipulation").

## 2. Stipulated Facts

The Stipulation provides in relevant part:

1.   On or about April 3, 2006, the Chapter 7 Debtor, Matthew J. Whitehead (the "Debtor") executed and delivered to Nemeroff a promissory note, entitled a "Mortgage Note" (the "Note"), in connection with a $950,000.00 loan from Nemeroff to the Debtor.

2.   On or about September 16, 2007, the Debtor delivered to Nemeroff an executed Mortgage Deed dated September 14, 2007 (the "Mortgage Deed"), with respect to seven (7) of the Debtor's properties, which mortgage was unrecordable and, in fact, was never recorded in the public

-2-

records of, nor perfected as a mortgage lien within, the counties in which the properties were situated.

3.      On November 9, 2007, Nemeroff filed a Complaint (the "Complaint") against the Debtor in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "State Court"), commencing Case No. 07030485 (08) (the "State Court Lawsuit").

4.      The Complaint against the Debtor contained four (4) causes of action for breaches of contract, injunctive relief and accounting.  Specifically, Count I, Breach of Contract, sought relief for failure to pay the monthly payment when due under the Note, whereas Count II, Breach of Contract, requested relief for alleged non-monetary breaches for failure by the Debtor to secure the Note with adequate collateral.  For the breach of contract claims, Nemeroff requested "compensatory damages, interests, attorneys' fees, and costs."

5.      In Count III of the Complaint for Injunctive Relief, Nemeroff sought the issuance of a temporary injunction declaring that the Debtor (i) execute and deliver recordable mortgages to Nemeroff; (ii) be enjoined from causing any lien or other interest to be placed on the subject properties; and (iii) pay for attorneys' fees and costs incurred by Nemeroff, together with such further relief as deemed just and proper.  By the remaining claim (Count IV – Accounting), Nemeroff requested "an accounting of all property owned by the Defendant in the state of Florida."

6.      On or about November 9, 2007, Nemeroff also filed and recorded six (6) notices of lis pendens, with respect to six (6) different properties owned by the Debtor in the four counties where the properties are located (the "Lis Pendens Notices").  Although Nemeroff filed the Lis Pendens Notices pursuant to Florida Statute § 48.23, the Trustee disputes the validity, priority and extent of the Lis Pendens Notices under the Statute.

7.      On or about March 30, 2008, the State Court entered a Summary Final Judgment in

Favor of Nemeroff (the "Final Judgment") against the Debtor in the State Court Lawsuit, but only for money damages in the principal amount of $962,247.23, plus interest, with respect to Count I of the Complaint for Breach of Contract.

8.    On March 31, 2008, Nemeroff filed and recorded the Final Judgment with the Florida Secretary of State, and obtained a Judgment Lien Certificate.

9.    In April, 2008, Nemeroff filed and recorded certified copies of the Final Judgment in each of the four Florida counties where the Properties are located (Broward, Hillsborough, Marion and Duval counties), to record and obtain a judgment lien against each of the Properties.

## DISCUSSION

Though various complexities surround this bankruptcy proceeding, the question at the core of this controversy may be rather simply stated: Did the recording of Notices of Lis Pendens[1] constitute a transfer of the Debtor's interest in property? As a matter of bankruptcy law, I find that such a recordation did constitute a transfer of an interest in the relevant property and, because that transfer occurred outside the 90 day preference look-back period prescribed by 11 U.S.C. § 547, it may not be avoided by the trustee.

Bankruptcy Code section 547(e)(1) defines a transfer of real property for purposes of identifying an avoidable preference in the following manner: "a transfer of real property ... is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1). Thus the sole matter of contention in this instance is whether

---

[1] One of the definitions of "lis pendens" in Black's Law Dictionary (8th ed. 1999) is "A notice, recorded in the chain of title to real property, required or permitted in some jurisdictions to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." As held below, I conclude that Florida is one of those jurisdictions.

Nemeroff's interest in the relevant properties, at the time of the recordation of his Notices of Lis Pendens, was superior to the interest of a hypothetical bona fide purchaser of the real property at any point after the recordation.

As Judge Sharp has observed, "[A]lthough bankruptcy law defines what property interests are part of the bankruptcy estate, state law determines whether the debtor has an equitable or legal interest in the property at the time of the bankruptcy filing." *Dickerson v. Central Florida Radiation Oncology Group*, 225 B.R. 241, 244 (M.D. Fla. 1998). Accordingly, I must look to Florida law for an understanding of just how the relevant lis pendens statute operates.[2]

More than two decades ago, Judge Weaver of this Court held that "the filing and recording of a lis pendens in the instant case did not create a lien right in favor of the defendant but such lien right only arose at the time of the entry of the state court order in the dissolution of marriage proceedings..." *In re Sierra*, 79 B.R. 89, 91 (Bankr. S.D. Fla. 1987). I conclude, notwithstanding this precedent, that although Judge Weaver was right in concluding that the mere filing of a notice of lis pendens does not create a lien, the express provisions of 11 U.S.C. § 547(e)(1) do not require that a lien be created in order for an interest in the property to be transferred. I find that although Nemeroff did not obtain a lien on the disputed property by virtue of his recording of notices of lis pendens outside the preference period, but that by putting the world on notice of his equitable claim to the properties, he acquired an interest superior to that of a hypothetical future bona fide purchaser. In other words, the trustee as hypothetical bona fide purchaser cannot avoid Nemeroff's interest in the property as to which the notices of lis pendens were filed. Of course, had Nemeroff failed in his state court litigation, the notices of lis pendens would collapse under their own weight and the trustee

---

[2]Case law applying the substantive law of other states cited by the Trustee and holding to the contrary of my conclusion is accordingly not dispositive.

would prevail.  That is not what happened here.

The Florida lis pendens statute provides, "[T]he filing for record of such notice of lis pendens shall constitute a bar to the enforcement against the property described ... of all interests and liens ... unrecorded at the time of filing for record such notice of lis pendens...." Fla. State. § 48.23(1)(b). Not only does this language seem to make clear that the interest acquired by Nemeroff by virtue of his recording the Notices of Lis Pendens was superior to that of a hypothetical future bona fide purchaser, but the policy rationale behind this logic is equally evident.  Indeed, if the recordation of such a notice did not create a priority over all future parties (to the extent of the ultimate judgment), then the very nature of Florida's statute would be peculiar at best.  Putting other parties on notice of pending litigation involving particular property, including Nemeroff's equitable claims here, is a consequential action: Under Florida substantive law, a party taking an interest in the affected property subsequent to the recording of the notice of lis pendens takes subject to the interests of the party filing the notice, as ultimately vindicated in the litigation as to which notice has been given. This is an entirely sensible result.

Accordingly, having reviewed the Motion, the file, the evidence presented and considering the argument of counsel, it is **ORDERED** that:

1. The Motion [DE 58] is **GRANTED**.

2. The automatic stay provided by 11 U.S.C. § 362 is modified as to Scott Nemeroff, his Successors and Assigns.  Accordingly, the automatic stay is modified to permit the Movant to exercise all rights and remedies under applicable law in respect to the properties identified in Exhibit E to the Motion [DE 58].

# # #

Copies to:

Nathan G. Mancuso, Esq.
1221 Brickell Avenue, Suite 1650
Miami, Florida 33131

Paul L. Orshan, Esq.
2506 Ponce de Leon Blvd
Coral Gables, FL 33134

Barry P Gruher, Esq.
200 E Broward Blvd # 1110
Ft Lauderdale, FL 33301


Attorney Mancuso is directed to serve a conformed copy of this order on all other interested parties not listed above.